AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Darrell Peterkine,<br>a.k.a "Darryl Peterkin", "Dewey Peterkine", "Darrell Head", and Shauntee Hollis, a.k.a Shauntee Peterkin,<br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. 13-8180-JMH |

FILED by _____ D.C.
APR - 4 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 14, 2012 - April 4, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §371 | Conspiracy |
| 18 U.S.C. §641 | Theft of Public Funds |
| 18 U.S.C. §1001 | False Statements |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

_____
Complainant's signature

Scott Savedow, Special Agent, HUD-OIG
Printed name and title

I find probable cause
Sworn to before me and signed in my presence.

Date: 4/4/13

_____
Judge's signature

City and state: West Palm Beach, Florida

James M. Hopkins U.S. Magistrate Judge
Printed name and title

# **AFFIDAVIT**

Your Affiant, Scott G. Savedow, being duly sworn, states the following:

1. I am employed as a Special Agent with the United States Department of Housing & Urban Development, Office of Inspector General in Miami, Florida. I am currently assigned to conduct investigations involving the improper or illegal receipt of program funding by individuals, groups, or organizations through the use of false statements, conspiracy, and theft. I have been a Special Agent for over nine (9) years and have participated in several criminal investigations involving the false statements and program fraud.

2. The facts contained in this affidavit are based on my personal knowledge, observations, and facts related to me by other law enforcement personnel and reliable cooperating witnesses, and from the review of applicable records. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, it does not include all of the details of the investigation of which your affiant is aware.

3. The U.S. Department of Housing & Urban Development (HUD), a department or agency of the United States of America, provides federal funding to authorized Public Housing Authorities (PHAs) for the management and operation of programs designed to provide rental assistance and properties to qualified individuals and families.

4. The Public Housing (PH) program is funded by HUD and managed by authorized PHAs under guidelines found in the Code of Federal Regulations and appropriate HUD manuals, handbooks, and records. The PH program provides a rental property, owned by the PHA, to qualified individuals or families at a discounted rate. In addition, program funds may be issued to further subsidize the discounted rental rate for qualified program participants.

5. The Palm Beach County Housing Authority (PBCHA) is a PHA authorized and funded by the HUD to operate the PH program within Palm Beach County, Florida. Dyson Circle is a multifamily residential community owned and operated by the PBCHA with PH program funds. The U.S. Department of Housing & Urban Development, Office of Inspector General has been conducting an investigation which revealed that HOLLIS and PETERKINE had failed to disclose material facts to the PBCHA in order to obtain or continue to receive HUD PH program assistance. From as early as March 14, 2012, and continuing to the present, HOLLIS and PETERKINE have conspired to provide false statements to a department or agency of the United States and to commit theft from a federally funded housing assistance program. In substance, the investigation revealed that HOLLIS submitted false information regarding the fact that PETERKINE, while on Federal Probation for violent criminal activity, was living in the PBCHA unit since March 2012, when HOLLIS first obtained the housing. This was in violation of the reporting requirements, as explained more fully below.

6. PH program participants qualify for PH program benefits based on statements and documentation submitted regarding their income, family composition, assets, and criminal history. Program participants are required to submit applications annually in order to obtain or continue to receive benefits under the PH program. If the information changes between the application periods, participants are required to notify the PBCHA within ten (10) days. Notice of this continuing duty to inform is verbally given to participants when they are first accepted into the PH program. Written notice is also given to PH program participants in the annual recertification application titled "Information Update for Housing." At the top of the application, which HOLLIS

received, signed and acknowledged on March 14, 2012 (and again, on March 1, 2013), it states in all capital letters, in bold, and underlined "IT IS YOUR OBLIGATION TO NOTIFY US WITHIN TEN (10) WORKING DAYS IF ANY OF THE FOLLOWING INFOMRATION CHANGES."

7. Defendant SHAUNTEE HOLLIS, also known as SHAUNTEE PETERKIN applied to participate in the PH program on or about October 19, 2011 and began receiving PH program benefits on or about March 14, 2012 through the PBCHA to rent 4721 North Dyson Circle West Palm Beach, Florida 33415, an apartment within the Dyson Circle complex. Defendant SHAUNTEE HOLLIS has been residing in the PH funded property since March 14, 2012 and paying rent of $550.00 on a monthly basis, based upon the information she disclosed for her family. A rent reasonableness survey indicated the fair market rental rate of $1,358.53 per month.

8. On March 14, 2012, Defendant SHAUNTEE HOLLIS submitted an Information Update for Housing to certify their qualification for PH program benefits. On this document, she identified the only individuals who would be residing in the PH funded property as herself and her minor children. SHAUNTEE HOLLIS circled "NO" in response to the question: "Do you expect anyone to move in or out of your household within the next twelve months?"

9. On January 16, 2013, HOLLIS submitted a Notification of Family Member Move-in to the PBCHA requesting to add her husband, PETERKINE as a resident of PH funded property, which evinces her knowledge that a changed circumstance must be reported as it is a PH funded property.

10. HOLLIS and PETERKINE were explained the rules of the PH program and the criminal and administrative penalties of false statements when they participated in a program recertification on or about March 1, 2013. During the recertification process, HOLLIS and PETERKINE completed a program application document titled an Information Update for Housing. On this document, HOLLIS and PETERKINE identified the residents who will be residing in the PH property as HOLLIS, PETERKINE and five minor children. They indicated that the only member of the household who ever "engaged in, been cited, arrested, indicted, convicted, or placed on probation for, or had an adjudication withheld, or had charges dropped or *nolle prossed* in connection with drug related or violent criminal activity" was "Darrell Peterkine", and that his only such crime was a "robbery" in "West Palm Beach F.L." There is another question on the application which asks if any member of the household ever "engaged in, been cited, arrested, indicted, convicted, or placed on probation for, or had an adjudication withheld, or had charges dropped or *nolle prossed* in connection with any felony charge," and again, HOLLIS and PETERKINE listed only "Darrell Peterkine" for a "1990" "robbery." In response to another question on the application which asked if any household member had ever been on probation or parole, HOLLIS and PETERKINE reported that nobody within the household was on parole or probation.

11. These statements are false. Records of the National Crime Information Center and the Palm Beach County Sheriff's Office reveal that PETERKINE has an extensive criminal history. The following is a list of his criminal arrests: a 08/27/1989 arrest for Petit Theft; a 05/03/1991 arrest for Battery; a 08/07/1992 arrest for Petit Theft; a 01/06/1993 arrest for Burglary; a 02/16/1993 arrest for Robbery with a Firearm; a 05/19/1997 arrest for

Obtaining a Driver's License by Fraud (4 Counts); a 05/27/1997 arrest for Driving Without a License; a 11/17/1997 arrest for Loitering, Resisting Arrest without Violence, and Battery on a Law Enforcement Officer; a 01/15/1998 arrest for Escape, Resisting an Officer Without Violence, Marijuana Possession, and Traffic Violation; a 03/13/1998 arrest for Aggravated Battery, Aggravated Battery of a Police Officer with a Motor Vehicle; a 04/03/1998 arrest for Possession with Intent to Distribute Cocaine; a 04/15/1998 arrest for Failure to Appear; a 07/02/1998 arrest for Failure to Appear Culpable Negligence; a 07/10/1998 arrest for Violation of Probation (2 counts); a 09/01/1998 arrest for Aggravated Battery with a Firearm; a 09/03/1998 arrest for Second Degree Murder with a Firearm and Accessory after the Fact; a 12/22/1998 arrest for Domestic Battery; a 04/03/1999 arrest for Domestic Battery; a 05/05/1999 arrest for Fraud, Resisting an Officer Without Violence, Petty Larceny06/23/1999 Arson (2 Counts); a 03/08/2000 arrest for Non-Moving Traffic Violation, Fraud, and Failure to Appear; a 03/24/2000 arrest for Reckless Driving and Fleeing and Eluding Police; a 03/27/2000 arrest for Robbery and Use of a Firearm During a Felony; a 05/30/2001 arrest for Possession / Carry / Use of a Firearm during Crime; a 03/28/2009 arrest for an Out of County Warrant; and a 04/06/2009 arrest for Failure to Appear. Of these arrests, PETERKINE has the following convictions: a 06/25/1991 negotiated plea for Battery; a 06/01/1993 conviction for Robbery; a 01/26/1998 negotiated plea for Driving Without a License; a 07/15/1998 negotiated plea for Culpable Negligence; a 06/03/1998 conviction for Resisting / Obstructing an Officer without Violence; a 08/24/2000 conviction for Possession / Carry / Use of a Firearm during a Crime; a 02/05/2007 adjudicated guilty by

court of Reckless Driving and Fleeing & Eluding Police; and a 10/14/2009 conviction for Petit Theft and Obstructing an Officer Without Violence.

12. Furthermore, the statements HOLLIS made on March 14, 2012, and the statements HOLLIS and PETERKINE made in March 2013 denying PETERKINE's probationary status were false in that PETERKINE did become and has been living as a member of the household from March 2012 to the present while he was on federal supervised release. Probation Officer S. Tierney is the U.S. probation officer currently assigned to monitor PETERKINE since he was placed on supervised release on February 12, 2009 after a 2000 conviction for Possession, Carry, and Use of a Firearm during a Crime of Violence, that is, armed bank robbery in case 00-8048-cr-DMM. P.O. Tierney verified that PETERKINE listed the North Dyson Circle residence as his residence as early as March 22, 2012. Although PETERKINE intermittently listed the North Dyson Circle residence and his mother's address as his own during the time period on monthly reports, P.O. Tierney advised your affiant that she has conducted approximately eight (8) home visits at the North Dyson Circle residence where she observed PETERKINE and/or HOLLIS. P.O. Tierney never made a home visit to any other address for PETERKINE since March 2012. On August 30, 2012, P.O. Tierney asked PETERKINE for a lease showing that he was allowed to reside at the North Dyson Circle residence. PETERKINE did not submit one until March 2013.

13. According to the State of Florida Department of Health marriage records, HOLLIS and PETERKINE were married on October 29, 2012. However, HOLLIS did not inform PBCHA of her changed married status in October or within ten days. Rather, HOLLIS reported PETERKINE as her husband only in January.

14. Based upon the foregoing, I submit that probable cause exists to believe that from on or about March 14, 2012 to the present, in Palm Beach County, in the Southern District of Florida, SHAUNTEE HOLLIS and DARRELL PETERKINE did conspire to knowingly and willfully steal, purloin, or convert to their own use money or a thing of value of the United States and a department or agency thereof, that is, the Department of Housing and Urban Development funded Public Housing funded rental property to which they were not entitled, in violation of Title 18, United States Code, Sections 641 and 371.

15. I submit that probable cause exists to believe that on March 14, 2012, SHAUNTEE HOLLIS, in a matter within the jurisdiction of the United States Department of Housing and Urban Development, an agency of the executive branch of the Government of the United States, did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation. While applying for participation in the Public Housing (PH) program, HOLLIS represented in the Information Update for Housing submitted to the Palm Beach County Housing Authority, acting on behalf of the United States Department of Housing and Urban Development, that only HOLLIS and her minor children would reside at 4721 North Dyson Circle West Palm Beach, Florida 33415, when in truth and in fact, and as the defendant then and there well knew, DARRELL PETERKINE would, and did subsequently reside in the household; in violation of Title 18, United States Code, Section 1001(a)(2).

16. I further submit that probable cause exists to believe that on March 1, 2013, SHAUNTEE HOLLIS and DARRELL PETERKINE, in a matter within the jurisdiction of the United States Department of Housing and Urban Development, an agency of the executive branch of the Government of the United States, did knowingly and willfully make a

materially false, fictitious and fraudulent statement and representations. While applying for participation in the Public Housing (PH) program, HOLLIS and PETERKINE represented in the Information Update for Housing submitted to the Palm Beach County Housing Authority, acting on behalf of the United States Department of Housing and Urban Development, that PETERKINE's only criminal arrest history consisted only of one prior robbery charge in 1990, and that nobody in the household was on probation, when in truth and in fact, and as the defendants then and there well knew, DARRELL PETERKINE had numerous other arrests and was on federal probation; in violation of Title 18, United States Code, Section 1001(a)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Executed on 4/4/13

Scott Savedow
Special Agent, HUD-OIG

Sworn to and subscribed before me
This 4 day of April 2013.

JAMES M. HOPKINS
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. ___13-8180-JMH___

UNITED STATES OF AMERICA

vs.

Darrell Peterkine,
and
Shauntee Hollis,

        **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ____ Yes  _X_ No

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

BY: _____
        AURORA FAGAN
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No.188591
        500 S. Australian Ave., Ste. 400
        West Palm Beach, Fl 33401
        TEL (561) 820-8711
        FAX (561) 802-1787